IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


DAVID L. JEMISON,   AIS # 115044          :

       Plaintiff,                                      :

vs.                                                          :     CIVIL ACTION 11-0659-KD-N

WARDEN WHITE, et al.,                      :

       Defendants.                                  :


<u>REPORT AND RECOMMENDATION</u>


       This § 1983 action, filed by an Alabama prison inmate proceeding <u>pro se</u>, was referred to

the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate

action.  Along with his § 1983 complaint, plaintiff filed a motion to proceed without prepayment

of fees.  After reviewing these filings, it is recommended that this action be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(g).

       Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section [28 U.S.C. § 1915] if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of
> serious physical injury.

       Because plaintiff is seeking leave to proceed <u>in forma pauperis</u> and is known as a "three-

striker," the Court reviewed the records of the United States District Court for the Southern,

Middle, and Northern Districts of Alabama to verify that he has three or more <u>in forma pauperis</u> actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  From those dockets the Court discovered plaintiff has had at least three actions dismissed for these reasons, namely, <u>Jemison v. Nagle, et al.</u>, CA 96–cv–01706–WHA–SRW (M.D. Ala. Dec. 17, 1996); <u>Jemison v. Allen,</u> CA 95–cv–01656–SCP–TMP (N.D. Ala. Aug. 31, 1995); <u>Jemison v. Sexton, et al.</u>, CA 97–cv-0088–ELN–TMP (N.D. Ala. June 6, 1997); <u>Jemison v. Fulgham, et al.</u>, CA 97–cv–0518–SCP–TMP (N.D. Ala. Aug. 29, 1997).  Thus, plaintiff's present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); <u>Brown v. Johnson</u>, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); <u>see</u> <u>Adbul-Akabar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), <u>cert. denied</u>, 533 U.S. 953 (2001).

In reviewing the complaint's allegations (Doc. 1), the Court does not discern a claim showing that plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint.  Plaintiff, who is incarcerated at Fountain Correctional Center ("Fountain"), complains about overcrowding, in that Fountain was designed for 600 inmates but presently has over 1200 inmates and that due to the overcrowding, they are kept in a lockdown status.  (<u>Id.</u> at

4-5).  He alleges that fights occur when an inmate bumps into another inmate and that officers are jumping on inmates with the warden then locking up the inmates.  (Id. at 5).  He claims that the beds are too close together and that in his dorm there are only 6 showers, 8 toilets, and 15 sinks for 180 inmates.  (Id. at 4).  He contends that because the windows "have real glass window [panes] which can be used as weapons that put[s] plaintiff's life in imminent danger" if this serious problem is not corrected.  (Id. at 4, 6).  Plaintiff further avers that his life in imminent danger when he is outside where only one guard watches up to 500 inmates and when he is in the dorm at night because only one guard watches 180 inmates.  (Id. at 8).

Plaintiff further advises that the water is unfit to drink and that the pipes have rust and lead in them.  (Id. at 5).  And in the morning the inmates are allegedly kept outside where there is only one toilet and one water fountain.  (Id. at 4).

Plaintiff maintains that he is not allowed adequate time in the law library or sufficient paper to adequately prepare his legal work.  (Id. at 5, 7).

Plaintiff also asserts that the classification specialist has discriminated against him by refusing to sign him up for work release; whereas, she has referred three white inmates to work release or honor camp.  (Id. at 7-8).  She further refused to put him in for a lower custody level and for a lower bunk even though he is eligible while she has done these things for white inmates who are not eligible.  (Id. at 7-8).

The defendants to this action are Warden White, Warden Myles, Captain Hetrick, Captain Raybon, and Classification Specialist Laura Philyaw.  Defendant White is charged with operating a prison that has bad water and pipes and that is overcrowded, which causes the beds to be too close and there to be fights.  (Id. at 5).  In addition, he allows plaintiff only to use the law library for one day.  (Id. ).  Defendant Myles is charged with not doing anything about the

3

overcrowding and the windows with glass panes, and only allowing plaintiff access to the law library for one day.  (Id.).  Defendant Hetrick is alleged to have operated a prison that is overcapacity and overcrowded with beds that are too close and with windows that have glass panes, and to have denied plaintiff adequate access to the law library.  (Id. at 6).  Defendant Raybon is alleged to have allowed plaintiff to live in an overcrowded prison with glass windows.  (Id. at 7).  Defendant Philyaw is alleged to have denied "plaintiff the same due process [and] equal protection that she is giving the white inmates that are on her case load."  (Id. at 8).

In assessing if a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  The plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are in sufficient."   Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished)  (citation and quotation marks omitted) (Granade, C.J.).  And his allegations must demonstrate that at the time the complaint was filed the danger existed.  Id. at *2.

Plaintiff's allegations are varied and typically should not be brought in one complaint.  His claims concerning discrimination and lack of access to the law library should each be brought in a separate action.  These two claims as presented are not remotely connected to a serious physical injury.

Turning to the claim of overcrowding, plaintiff has provided very little factual detail to support his claim; whereas, in order to state a claim for overcrowding, much factual detail is required.  Moulds v. Bullard, 345 F.App'x 387, 393 (11th Cir. 2009) (finding that an Eighth

Amendment claim was not stated because facts were not alleged to show the conditions were extreme and that there was an actual or future serious harm would be suffered) (unpublished).[1] Then, it follows that to show that the plaintiff is "under imminent danger of serious physical injury" as it relates to his overcrowding claim much factual detail is needed. Plaintiff, however, has not provided factual details to show that an imminent danger is directed to him. See White v. Colorado, 157 F.3d 1226, 1231 (10th Cir.) (denying the "imminent danger of serious physical injury" exception because the "Amended Petition [wa]s largely a collection of vague and utterly conclusory assertions"), cert. denied, 526 U.S. 1008 (1999). Nor does plaintiff point from whom the imminent danger of serious physical injury comes. Hickmon v. Florida Dept. of Corrections, No. 4:07cv210-WS, 2007 WL 3023990, at *2 (N.D. Fla. Oct. 16, 2007) (unpublished) (denying the "imminent danger of serious physical" injury exception because "[t]here are no allegations of any specific or identifiable persons who posed a threat to Plaintiff and no specifics of harm in the close proximity of time that Plaintiff initiated this case"). Nor does plaintiff specify the nature of the "serious physical injury" that is supposedly imminent. White, 157 F.3d at 1233. See generally Smith v. Harris, No. 5:07cv27/RS, 2007 WL 710172, at *3 (N.D. Fla. 2007) ("General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)."); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding, as conclusory, and thereby insufficient to support § 1915's exception, the general assertion that "defendants were trying to kill [plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition").

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

Considering plaintiff's complaint, the Court finds that plaintiff has not shown that he was under "imminent danger of serious physical injury" at the time of filing.  Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 15th day of March, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   **Objection.**   Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable Where Proceedings Tape Recorded).**   Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

7